IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |  | |
|---|---|---|---|
| BLACKSMITH MULTI-MEDIA, INC, <br> SHARON E. BLACK and ROBERT E. <br> BLACK, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF ALABAMA, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | | CIVIL ACT. NO. 2:14cv651-WKW |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 7, 2014, *pro se* plaintiffs Sharon Black and Robert E. Black ("the Blacks") filed this action on behalf of themselves and Blacksmith Multi-Media, Inc. alleging claims of "[p]ossible fraud, [m]isuse of [f]ederal [f]unding, [c]opyright [i]nfringement and [i]ntellectual [p]roperty and [i]dentify [t]heft." (Doc. # 1).

The court is required to review the plaintiff's complaint "as soon as possible," and dismiss the complaint if "the complaint [] is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) and (b)(1). The corporation cannot represent itself, and the other plaintiffs, the Blacks, are not lawyers and, as non-lawyers, cannot represent the corporation. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993). *See also Diamond Ventures, LLC v. Barreto* 452 F.3d 892, 900 (D.C. Cir.,

2006); *Archay Financial Corp. v. General Motors Corp.* 125 Fed. Appx. 1003, 1004 (Fed. Cir., 2005) ("A corporation may not appear in this court without counsel"); *Richdel, Inc. v. Sunspool Corp.,* 699 F.2d 1366 (Fed. Cir.1983) ("only a lawyer, and not a corporate officer or stockholder, may appear for the corporation in litigation before the court"); *Zamzam v. C.I.R.* 24 Fed.Appx. 206, 207 (4th Cir., 2002) ("A corporation cannot appear in federal court except through its attorney.").

After being given ample opportunity to secure counsel for the corporation, Blacksmith Multi-Media has obtained no representation. Without counsel, Blacksmith Multi-Media, Inc., as a corporation, cannot pursue its claims, and it is appropriate to dismiss the corporation and its claims. *See Walker v. Webco Indus., Inc.*, 562 Fed. Appx. 215, 217 (5th Cir. 2014).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff Blacksmith Multi-Media, Inc. and all its claims be DISMISSED. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **November 4, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of October, 2014.

                                          /s/Charles S. Coody  
                                        CHARLES S. COODY  
                                        UNITED STATES MAGISTRATE JUDGE