IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON E. BLACK and ROBERT E. BLACK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) CIVIL ACT. NO. 2:14cv651-WKW ) |
| THE STATE OF ALABAMA, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On July 7, 2014, *pro se* plaintiffs Sharon Black and Robert E. Black ("the Blacks") filed this action on behalf of themselves and Blacksmith Multi-Media, Inc. alleging claims of "[p]ossible fraud, [m]isuse of [f]ederal [f]unding, [c]opyright [i]nfringement and [i]ntellectual [p]roperty and [i]dentify [t]heft." (Doc. # 1). The plaintiffs also filed a motion to proceed *in forma pauperis*. (Doc. # 2).

On August 5, 2014, the court held a hearing on the plaintiffs' motion to proceed *in forma pauperis*. At that time, the plaintiffs were informed that the corporation could not represent itself, and that because the Blacks were not lawyers, they could not represent the corporation. After being given the opportunity to retain counsel for the corporation, the Blacks failed to do so and the corporation was dismissed as a plaintiff on November 13, 2014.

The court held a status conference on October 16, 2014. During the status conference, the court advised the plaintiffs that while a complaint need not contain "detailed factual

allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plaintiffs were directed to file an amended complaint detailing more precisely their claims and the factual bases for those claims. They were advised that they must present their claims with clarity, **detailing factual allegations that are material to each specific count and describing how each defendant violated their rights**. The amended complaint must set forth short and plain statements showing why the plaintiffs are entitled to relief, and each allegation should be simple, concise and direct. *See* FED.R.CIV.P. 8.

On November 5, 2014, the plaintiffs filed a amended complaint (doc. # 23) and a motion for leave to file an amended complaint (doc. # 24). A review of the plaintiffs' amended complaint demonstrates that it is a "shotgun pleading." "[A] "shotgun pleading' is one in which "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Marshall v. Aryan Unlimited Staffing Solution/Faneuil Inc./MacAndrews Holding, Faneuil, Inc/MacAndrews & Forbs Holding,* —F.Appx.—, 2015 WL 163036 (11th Cir. Jan. 14, 2015) *quoting Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). The bulk of the plaintiffs' amended

complaint relates to copyrights for business plans for television broadcasting stations. However, the plaintiffs do not allege that they have registered the copyrighted plans in accordance with 17 U.S.C. § 411(a).[1] Consequently, the plaintiffs have failed to satisfy the pleading requirements necessary to pursue any copyright infringement claims. *See Dowbenko v. Google, Inc.*, 582 F.Appx. 801 (11th Cir. 2014).

Furthermore, in the amended complaint, the plaintiffs make allegations against the Montgomery County Public School system that their children were harassed and treated unfairly by teachers and administrators. However, parents who are not attorneys may not bring a pro se action on behalf of a minor child. *See Devine v. Indian River County Sch. Bd.*, 121 F.3d 576, 582 (11th Cir. 1997), *overruled on other grounds by Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007) ("[P]arents who are not attorneys may not bring a *pro se* action on their child's behalf."); *Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir. 2008) ("[W]hile individuals have the right to proceed *pro se*, . . . and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, . . . a non-lawyer parent has no right to *represent* a child in an action in the child's name."). This rule exists "because it helps to ensure that children . . . are not deprived of their day in court by unskilled, if caring, parents."). Thus, any claims asserted by the Blacks purporting to proceed *pro se* on behalf of their minor children against the Montgomery County Public School system "necessarily fail." *Whitehurst*, 306 Fed. Appx. at 449.

---

[1] Section 411(a) prohibits a civil action for copyright infringement "until preregistration or registration of the copyright claim has been made." 17 U.S.C. § 411(a).

Finally, the plaintiffs name as defendants the State of Alabama, UA-ASU-TSU Educational Public Radio, Alabama Educational Television Commission, Alabama Legislature, City of Montgomery, Montgomery Public School System, Chamber of Commerce, County of Montgomery, Raycom Media, Alabama Network and Auburn University.  The amended complaint, however, contains mostly general conclusions of alleged legal violations and fails to identify factual allegations material to specific counts lodged against each of the named defendants with respect to any alleged violations of the plaintiffs' rights. S*ee Destfino v. Kennedy*, 2009 WL 63566, *8 (E.D. Cal. 2009) ("A proper complaint states clearly how each and every defendant is alleged to have violated plaintiffs' legal rights.").  Conclusory allegations of wrongdoing are insufficient as a matter of law to state a claim to relief that is "plausible on its face."  *See Iqbal*, 556 U.S. at 678 (noting a complaint does not satisfy either FED.R.CIV.P. 8 or FED.R.CIV.P. 12(b)(6) if it only "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (quoting *Bell Atlantic Corp.,* 550 U.S. at 557).  Thus, the plaintiffs must do more than simply make generalized assertions of harm by the defendants.

For these reasons, the court concludes that the amended complaint (doc. # 23) is due to be STRICKEN as it does not comport with the court's order to file an amended complaint that is clear and concise, and details specific claims and factual allegations against each defendant.  "Where a more carefully drafted complaint *might* state a claim, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the court dismisses the

4

action with prejudice.'" *Marshall*, 2015 WL 163036 at *2 *quoting Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).  Accordingly, it is

ORDERED as follows:

1. That the amended complaint (doc. # 23) filed on November 5, 2014 be and is hereby STRICKEN from the docket.

2. That on or before **March 3, 2015**, the plaintiffs shall file an amended complaint that, in numbered paragraphs, specifically:

    a. Identifies the individual(s) the plaintiffs seek to name as defendants and *provides facts to show that particular individual's participation or involvement in their claim*;

    b. Identifies each claim and any claims that can be shown closely related to it, *i.e.*, arising out of the *same incident or facts*, relative to **actions taken against them** by each named defendant;

    c. Describes with clarity the *specific* factual allegations that are material to each specific count against each named defendant;

    d. Describe how each named defendant violated the plaintiffs' rights; and

    e. Complies with FED.R.CIV.P. 8(a) which requires that a plaintiff plead "'a *short and plain* statement of the claim that will give the defendant fair notice of what the plaintiffs' claims [are] and the grounds upon which [they] rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (emphasis

added) (quoting *Conley v. Gibson*, 355 U.S. 41, 47(1957);  *Twombly,* 550 U.S. at 555 ("Plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984) (finding vague and conclusory claims are subject to dismissal).

The *claims* presented in the plaintiffs' original  complaint shall be superseded by *the claims* presented in the amended complaint.  This means the plaintiffs shall no longer rely on the original  complaint.

The plaintiffs are advised that their failure to file an amended  complaint within the prescribed time and in accordance with the directives contained in this order will result in a Recommendation that this case be dismissed for failure to prosecute and to obey the court's orders.  Furthermore, the failure to plead  a complaint that complies with FED.R.CIV.P. 8(a), after being required to re-plead a complaint, will result in a Recommendation that the complaint be dismissed under FED.R.CIV.P. 41(b) for failure to comply with the court's order. *Pelletier v. Zweifel*, 921 F.2d 1465,  1522 n.103 (11th Cir. 1991). Finally, it is

ORDERED that the plaintiffs' motion for leave to amend the amended complaint (doc. # 24) be and is hereby DENIED as moot.

Done this 17th day of February 2015.

                                                /s/Charles S. Coody
                                           CHARLES S. COODY
                                           UNITED STATES MAGISTRATE JUDGE