IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON E. BLACK and ROBERT E. BLACK, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACT. NO. 2:14cv651-WKW |
| LORENZA PATRICK, *et al.*, ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

On July 7, 2014, *pro se* plaintiffs Sharon Black and Robert E. Black ("the Blacks") filed this action on behalf of themselves and Blacksmith Multi-Media, Inc. alleging claims of "[p]ossible fraud, [m]isuse of [f]ederal [f]unding, [c]opyright [i]nfringement and [i]ntellectual [p]roperty and [i]dentify [t]heft." (Doc. # 1). The plaintiffs also filed a motion to proceed *in forma pauperis*. (Doc. # 2).

On August 5, 2014, the court held a hearing on the plaintiffs' motion to proceed *in forma pauperis*.[1] At that time, the plaintiffs were informed that the corporation could not represent itself, and that because the Blacks were not lawyers, they could not represent the corporation. After being given the opportunity to retain counsel for the corporation, the Blacks failed to do so and the corporation was dismissed as a plaintiff on November 13, 2014.

---

[1] The court subsequently granted the plaintiffs' motion to proceed *in forma pauperis*. *See* Doc. # 33.

The court held a status conference on October 16, 2014. During the status conference, the court advised the plaintiffs that the original complaint did not meet the requirements of the *Federal Rules of Civil Procedure*, and described for them the proper manner in which to proceed. In an order entered on October 22, 2014, the court explained that while a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Sinatrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plaintiffs were directed to file an amended complaint detailing more precisely their claims and the factual bases for those claims. *See* Doc. # 22. They were advised that

> they must present their claims with clarity, **detailing factual allegations that are material to each specific count and describing how each defendant violated their rights**. The amended complaint must set forth short and plain statements showing why the plaintiffs are entitled to relief, and each allegation should be simple, concise and direct. *See* FED.R.CIV.P. 8.

(Doc. # 22) (emphasis added)

On November 5, 2014, the plaintiffs filed a amended complaint (doc. # 23) and a motion for leave to file an amended complaint (doc. # 24). A review of the plaintiffs' amended complaint demonstrated that it was a "shotgun pleading," and the court denied the

motion to amend. (Doc. # 26). It also struck the amended complaint, and directed the plaintiffs to file an amended complaint that complied with the court's previous orders. *Id*. The plaintiffs were directed, in part to file an amended complaint that contained the following information:

> a. Identifies the individual(s) the plaintiffs seek to name as defendants and *provides facts to show that particular individual's participation or involvement in their claim*;
>
> b. Identifies each claim and any claims that can be shown closely related to it, *i.e.*, arising out of the *same incident or facts*, relative to **actions taken against them** by each named defendant;
>
> c. Describes with clarity the *specific* factual allegations that are material to each specific count against each named defendant;
>
> d. Describe how each named defendant violated the plaintiffs' rights;

(*Id*. at 5) (emphasis in original).

On April 1, 2015, the plaintiffs filed an amended complaint and on April 2, 2015, they filed a motion to amend the complaint. (Doc. # 31 & 32). The court granted the motion to amend (doc. # 34) but struck the entities listed in the caption of the complaint as they were not properly named defendants. *See* Doc. # 33. The plaintiffs were specifically informed that this action would proceed against the named individuals in the complaint: Lorenza Patrick, Dr. William H. Harris, John F. Knight, Jr., Candy Capel, Elton Dean, Marvin Wiggins, Allan Pizzato, Ferris Stephens, and Gregory Griffin. However, because the plaintiffs failed to provide addresses for the individually named defendants, the court ordered the plaintiffs to provide the Clerk's Office with the correct address for each named defendant

in the amended complaint.  *See* Doc. # 36.

Instead of supplying the Clerk's Office with the correct addresses for the named defendants, the plaintiffs filed two motions for leave to amend the complaint (docs. # 37 & 38) in which they seek to add additional defendants.[2]  With respect to each newly named defendant, the plaintiffs assert that "[t]he defendant **personally participated** in the violation of plaintiff's rights, and I want money damages."  *See* Docs. # 37 & 38.  Simply listing the additional defendants, without stating any facts about how these defendants participated in or violated their rights, is insufficient as a matter of law to state claims against the proposed additional defendants.  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  The court cannot draw any inference that any of the additional defendants are liable for any alleged misconduct.

While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile.  *See*  FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996).  Under FED.R.CIV.P.

---

[2] In the April 20, 2015 motion to amend (doc. # 37), the plaintiffs seek to add 96 defendants to this action.  In the May 5, 2015 motion to amend (doc. # 38), the plaintiffs seek to add an additional 30 defendants, which if permitted, would bring the total number of defendants named in this action to 134.

15(a)(2), a "court should freely give live to amend when justice so requires." "A district court need not, however, allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 1001) (citing *Foman*, 371 U.S. at 182).

Moreover, undue delay or "repeated failure to cure deficiencies by amendments previously allowed," are sufficient reasons to deny a motion to amend. *See Foman*, 371 U.S. at 182. The plaintiffs have been given repeated instructions on how to file an amended complaint. To allow the plaintiffs to amend the complaint to add 134 defendants without any factual basis about how these defendants participated in or violated their rights would be prejudicial to the existing defendants as well as the proposed additional defendants. The plaintiffs have been given multiple opportunities to file an amended complaint that complies with the FEDERAL RULES OF CIVIL PROCEDURE, and they have failed to do so. Any further attempt to amend the complaint would be futile, and prejudicial to the defendants.

For the reasons as stated, the court concludes that the motions to amend (doc. # 37 & 38) are due to be denied. *Foman*, 371 U.S. at 182 (holding that "the grant or denial of an opportunity to amend is within the discretion of the District Court," and that leave to amend need not be given when the amendment would be futile).

This case will proceed on the amended complaint[3] (doc. # 35) filed on April 3, 2015 and against only the named individuals in that complaint: Lorenza Patrick, Dr. William H. Harris, John F. Knight, Jr., Candy Capel, Elton Dean, Marvin Wiggins, Allan Pizzato, Ferris

---

[3] The claims presented in the original complaint are superseded by the claims presented in the amended complaint.

Stephens, and Gregory Griffin.

Accordingly, it is

ORDERED that the plaintiffs' motions for leave to file an amended complaint (doc. # 37 & 38) be and are hereby DENIED.

The Clerk of the Court is DIRECTED to serve the defendants named in the amended complaint (doc. # 35) at the addresses provided in the proposed amended complaints attached to the plaintiffs' motions to amend.

Done this 7th day of May, 2015.

                                              /s/Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE