IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHARON E. BLACK and ROBERT E. BLACK, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:14cv651-WKW |
| ) | |
| LORENZA PATRICK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On July 7, 2014, *pro se* plaintiffs, Sharon Black and Robert E. Black ("the Blacks") filed this action on behalf of themselves and their company, Blacksmith Multi-Media, Inc., alleging claims of copyright infringement.[1]  *See* Doc. # 35.  The court has jurisdiction of these claims pursuant to its federal question jurisdiction, 28 U.S.C. § 1331.

Because of the nature of this case, a detailed procedural history is necessary to set the stage.  When the plaintiffs filed this action, they also filed a motion to proceed *in forma pauperis*.  (Doc. # 2).  On August 5, 2014, the court held a hearing on the plaintiffs' motion to proceed *in forma pauperis*.[2]  At that time, the plaintiffs were informed that the corporation, Blacksmith Multi-Media, Inc., could not represent itself, and that because the Blacks were not lawyers, they could not represent the corporation.  After being given the opportunity to

---

[1] Although the plaintiffs entitle their claim as a violation of their civil rights, their allegations assert claims of copyright infringements.

[2] The court subsequently granted the plaintiffs' motion to proceed *in forma pauperis*.  *See* Doc. # 33.

retain counsel for the corporation, the Blacks failed to do so and Blacksmith Multi-Media, Inc. was dismissed as a plaintiff on November 13, 2014.

Prior to the corporation's dismissal, the court held a status conference on October 16, 2014. During the status conference, the court further advised the plaintiffs that their original complaint did not meet the requirements of the FEDERAL RULES OF CIVIL PROCEDURE, and described for them the proper manner in which to proceed. In an order entered on October 22, 2014, the court explained that while a complaint need not contain "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), it must plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plaintiffs were directed to file an amended complaint detailing more precisely their claims and the factual bases for those claims. The plaintiffs were advised that

> they must present their claims with clarity, **detailing factual allegations that are material to each specific count and describing how each defendant violated their rights**. The amended complaint must set forth short and plain statements showing why the plaintiffs are entitled to relief, and each allegation should be simple, concise and direct. *See* FED.R.CIV.P. 8.

(Doc. # 22) (emphasis added).

On November 5, 2014, the plaintiffs filed a amended complaint (doc. # 23) and a motion for leave to file an amended complaint (doc. # 24). Unfortunately, the amended

complaint was the proverbial "shotgun pleading," and the court denied the motion to amend. (Doc. # 26). The plaintiffs were directed once again to file an amended complaint that complied with the court's previous orders. *Id.* The plaintiffs were advised to file an amended complaint that contained the following information:

    a.    Identifies the individual(s) the plaintiffs seek to name as defendants and *provides facts to show that particular individual's participation or involvement in their claim*;

    b.    Identifies each claim and any claims that can be shown closely related to it, *i.e.*, arising out of the *same incident or facts*, relative to **actions taken against them** by each named defendant;

    c.    Describes with clarity the *specific* factual allegations that are material to each specific count against each named defendant;

    d.    Describe how each named defendant violated the plaintiffs' rights;

(*Id*. at 5) (emphasis in original).

On April 1, 2015, the plaintiffs filed an amended complaint and on April 2, 2015, they filed a motion to amend the complaint. (Docs. # 31 & 32). The court granted the motion to amend but struck the entities listed in the caption of the complaint as the entities were not properly named defendants.[3] *See* Doc. # 33. The plaintiffs were specifically informed that the action would proceed against defendants Lorenza Patrick, Dr. William Harris, John F. Knight, Jr., Candy Capel, Elton Dean, Marvin Wiggins, Allan Pizzato, Ferris Stephens and

---

[3] The entities named in the caption were the State of Alabama, UA-ASU-TSU Educational Public Radio, Alabama Educational Television Commission, Alabama Legislature, City of Montgomery, Montgomery Public School System, Chamber of Commerce, County of Montgomery, Raycom Media, Alabama Network and Auburn University.

Gregory Griffin. (*Id.*). However, because the plaintiffs failed to provide addresses for the individually named defendants, the court ordered the plaintiffs to provide correct addresses for each named defendant. *See* Doc. # 36.

Instead of supplying the correct addresses, the plaintiffs filed two more motions for leave to amend the complaint (doc. # 37 & 38) in which they sought to add additional defendants.[4] Because the plaintiffs failed to state any facts about how each defendant participated in or violated their rights[5], the court denied the motions to amend. *See* Doc. # 39. Consequently, the named defendants in this action are Dr. William Harris, President of Alabama State University ("ASU"), John F. Knight, Jr., Chief Financial Officer for ASU, Candy Capel, Station Manager for a public radio station operated by ASU, Elton Dean, member of ASU's Board of Trustees, Marvin Wiggins, member of ASU's board of Trustees, and Allan Pizzato, Ferris Stephens and Gregory Griffin, all members of Alabama Education Television Commission's Board of Directors.[6]

Now pending before the court are the defendants' motions to dismiss (docs. # 47 & 52). The plaintiffs have filed a response in opposition to the motions to dismiss (doc. # 65).

---

[4] In the April 20, 2015 motion to amend (doc. # 37), the plaintiffs sought to add 96 defendants to this action. In the May 5, 2015 motion to amend (doc. # 38), the plaintiffs sought to add an additional 30 defendants, which if permitted, would bring the total number of defendants in this action to 134.

[5] With respect to each newly named defendant, the plaintiffs asserted that "[t]he defendant **personally participated** in the violation of plaintiff's rights and I want money damages." *See* Doc. # 39.

[6] The plaintiffs also named as a defendant Lorenza Patrick who previously served as the Director of ASU's Small Business Development Center. Patrick died on May 19, 2015, and on June 4, 2014, counsel for Alabama State University filed a Suggestion of Death of Lorenza Patrick pursuant to FED.R.CIV.P. 25(a).

After careful review of the motions, and the briefs filed in support of and in opposition to the motions, the court concludes that this case should be DISMISSED.

## STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept the plaintiffs' legal conclusions. *Iqbal*, 556 U.S. at 664 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of the plaintiffs' pleadings, the court must indulge reasonable inferences in the plaintiffs' favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of the plaintiffs' allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Twombly*, 550 U.S. at 561-62, 570 (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. Factual allegations in a complaint need not be detailed but "must

5

be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that, although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id*. at 679. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 550 U.S. 662 (2007). A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* FED.R.CIV.P. 8(e) ("All pleadings must be construed so as to do justice").

6

**DISCUSSION**

The essence of the plaintiffs' amended complaint (doc. # 35) is that the named defendants used Blacksmith Multi-Media, Inc.'s copyrighted business plans to obtain funding to operate public television broadcasting stations without authorization or permission. Defendants Stephens, Griffin and Pizzato assert in their motion to dismiss that, as members of a state agency, they are entitled to absolute immunity. The Alabama State University defendants[7] argue in their motion to dismiss that the plaintiffs have failed to adequately plead claims against them. The court pretermits discussion of the defendants' specific arguments because the court concludes that as a matter of law the plaintiffs' complaint should be dismissed.

In order to pursue a copyright infringement claim, the plaintiffs must establish ownership of a valid copyright.

> To establish a prima facie case of copyright infringement, "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.

*Feist Publ'ns, Inc, v. Rural Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). *See also Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1232-33 (11th Cir. 2010); *Calhoun v. Lillenas Publ'g*, 298 F.3d 1228, 1232 (11th Cir. 2002). Section 411(a) of Title 17, United States Code, prohibits a civil action for copyright infringement "until preregistration or registration of the

---

[7] The named defendants, Dr. William Harris, Dr. John Knight, Elton Dean, Sr. and Marvin Wiggins, and Candy Capel, are all affiliated with Alabama State University. Lorenza Patrick, the former director of ASU's Small Business Development Center, died on May 19, 2015 and is due to be dismissed as a party to this action.

copyright claim has been made." 17 U.S.C. § 411(a). Although preregistration required by section 411(a) is not jurisdictional, "it establishes a condition – copyright registration – that plaintiffs ordinarily must satisfy before filing an infringement claim and invoking the Act's remedial provisions." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S.154, 158 (2010). The Copyright Act gives the holder of a registered copyright a right to sue. 17 U.S.C. § 501(b).

In their complaint, the plaintiffs assert that "Blacksmith Multi-Media, Inc., applied for registration under the copyright office..." (Doc. # 35 at 4, ¶ 9). The plaintiffs further allege that the business plans at issue belong to Blacksmith Multi-Media, Inc. (*Id* at ¶ 10). Documents filed in opposition to the defendants' motions to dismiss appear to confirm that the copyrighted business plans were registered in the name of Blacksmith Multi-Media, Inc.[8] *See* Doc. 65 at Ex. 3. Thus, while it is undisputed that the copyrighted business plans at issue are registered, the pleadings demonstrate that the certificates of registration are issued in the name of Blacksmith Multi-Media, Inc., the corporate entity that is not a party to this lawsuit. The plaintiffs were previously advised that they could not represent Blacksmith Multi-Media, Inc., in this action, and they have not secured counsel for Blacksmith Multi-Media, Inc. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985) (holding that a corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel, even

---

[8] The court is cognizant that, on a motion to dismiss, the court must rely on the pleadings which the court takes as true and construes in the light most favorable to the plaintiffs. However, a court may consider documents beyond the pleadings "in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007). In this case, the plaintiffs attached the copyright registration certificates to their response in opposition to the defendants' motions to dismiss.

where the person purporting to represent the corporation is its president and major stockholder). The plaintiffs have alleged that Blacksmith Multi-Media, Inc., owns the copyrights at issue. Because the plaintiffs cannot prosecute the infringement claims on behalf of Blacksmith Multi-Media, Inc., the infringement claims are due to be dismissed.

Moreover, the plaintiffs have not alleged any facts that support an allegation that any of the named defendants in this action copied any of the constituent elements of the copyrighted business plans. *See Latimer*, 601 F.3d at 1233 ("To satisfy Feist's second prong, a plaintiff must establish, as a factual matter, that the alleged infringer actually copied plaintiff's copyrighted material.") *See also Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1542 (11th Cir. 1996) (same). The plaintiffs' allegations are conclusory and wholly speculative. In their complaint, the plaintiffs set forth no facts describing how the defendants allegedly copied the business plans. Simply saying the defendants violated their rights, without stating any facts about the defendants' actions, is simply insufficient as a matter of law to state claims against them.[9]

---

[9] Under FED.R.CIV.P. 15(a)(2), a "court should freely give leave to amend when justice so requires." While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996).

The court has allowed the plaintiffs to amend the complaint twice. However, they have failed establish any factual basis about how the defendants violated or copied elements of the copyrighted plans. Moreover, the corporation, and not the plaintiffs, hold the copyrights. Consequently, the court concludes any amendment at this juncture would be futile. *Foman*, 371 U.S. at 182 (holding that "the grant or denial of an opportunity to amend is within the discretion of the District Court," and that leave to amend need not be given when the amendment would be futile).

Finally, 17 U.S.C.§ 507(b) authorizes a civil action when the civil action "is commenced within three years after the claim accrued." According to the plaintiffs, they downloaded their copyrighted business plans at the behest of the defendants on March 16, 2005. *See* Doc. # 35 at 5, ¶ 10, and 6, ¶ 19. The initial complaint was not filed in this court until July 7, 2014, long after the alleged unauthorized use of the business plans occurred.[10]

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED, and the defendants' motions to dismiss (docs. # 47 & 52) be DENIED as moot. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 10, 2016.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11ᵀᴴ CIR. R. 3-1. *See*

---

[10] The plaintiffs also allege that they submitted their copyrighted business plans to the defendants for participation in a Business Plan competition in 2007. (Doc. # 35 at 7, ¶ 21). Even using the 2007 date, the actions about which the plaintiffs complain did not occur within three years of the filing of this action.

*Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

 Done this 27th day of January, 2016.

          /s/Charles S. Coody
          CHARLES S. COODY
          UNITED STATES MAGISTRATE JUDGE